D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**GABRIEL GUZMAN, ANTONIO VEGA,**
**and DANTE CORASCO,**

            **Plaintiffs,**

     **v.**

**NEWTOWN BAR, LLC, d/b/a LAS**
**CATRINAS, LUKASZ SZYDLOWSKI, and**
**LEOPOLDO TAPIABRVO,**


            **Defendants.**
-------------------------------------------------------x

        **COMPLAINT**

        **CASE NO.:**

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3.     All Defendants are hereinafter collectively referred to as "Defendants."

4.     Defendant NEWTOWN BAR LLC is a New York corporation that owns and operates Las Catrinas Restaurant ("Las Catrinas") in Long Island City, New York.

5.     Las Catrinas has an annual gross volume of sales in excess of $500,000.

6.     Defendant Leopoldo Tapiabravo is an owner/operator of Las Catrinas.

7.     Defendant Tapiabravo is regularly present at the restaurant and directs the work of kitchen employees, including Plaintiffs during their employment with Defendants.

8.     Defendant Tapiabravo set Plaintiff's schedules and their rates of pay.

9.     Defendant Lukasz Szydlowski (together with Tapiabravo, the "Individual Defendants") is an owner/operator of Las Catrinas.

10.     Defendant Szydlowski is regularly present at the restaurant.  He regularly directs and supervises employees at the restaurant and makes decisions with respect to their rates of pay.

11.     The Individual Defendants have ultimate authority with respect to the hiring and firing of employees, setting employee schedules and rates of pay, and maintaining of payroll records at Las Catrinas.

12.     Plaintiff Gabriel Guzman worked for Defendants as a prep cook from roughly July 2018 to June 2019

13.     Antonio Vega worked for Defendants as a kitchen assistant from roughly April 2018 to April 2019.

14.     Plaintiff Dante Corasco worked for Defendants as a dishwasher from roughly April 2019 to June 2019.

## FACTS

15.     Defendants committed the following acts knowingly, intentionally, and willfully.

16.     Plaintiffs typically were scheduled for and in fact worked over 10 hours per day, six days per week.

17.     Plaintiffs were not paid one and a half times their regular rates for overtime worked.

18.     Until about March of 2019, Plaintiffs were paid $13 for each of the first 40 hours and $10 per hour for hours worked in excess of 40 per week.  After March of 2019, Defendants paid Plaintiffs $15 for regular hours and $13 for overtime hours.

19.     Starting in 2019, the minimum wage of New York was $15 per hour, which was more than Plaintiffs' hourly rate at that time

20.     Defendants did not pay Plaintiffs New York's "spread of hours" premium.

21.     Defendants did not give Plaintiffs weekly wage statements that included Plaintiffs' actual hours worked.

22.     Defendants did not give Plaintiffs accurate Notices and Acknowledgment of Pay Rate at the beginning of their employment, as required by NYLL § 195.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

23.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

24.     Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

25.     At all relevant times, Defendants had operated under a decision, policy and plan of willfully failing and refusing to pay Plaintiffs at one and one half times their regular hourly rate for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations, even though Plaintiffs were entitled to overtime.

26.     Plaintiffs seek damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**

27.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

28.     Defendants knowingly and willfully failed to pay Plaintiffs the New York State minimum wage for all hours worked.

29.     As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(New York State Overtime Violations,**
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**

30.     Plaintiffs reallege and incorporate by reference all previous paragraphs.

31.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

32.     Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rate of one-and-one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

33.     As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

34.     Plaintiffs reallege and incorporate by reference all previous paragraphs.

35.     Defendants did not provide Plaintiffs with the wage notices and/or statements required by N.Y. Lab. Law § 195.

36.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
**New York Spread of Hours Provisions,
N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6**

37.     Plaintiffs reallege and incorporate by reference all previous paragraphs.

38.     Plaintiffs had workdays that lasted more than ten (10) hours.

39.     Defendants willfully and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate when his workdays lasted more than ten (10) hours, as required by New York law.

40.     As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B.     Penalties available under applicable laws;

C.      An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, and punitive damages, to be paid by Defendants;

D.      Costs of action incurred herein, including expert fees;

E.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

F.      Pre-judgment and post-judgment interest, as provided by law; and

G.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.


Dated:  New York, New York
       July 25, 2019

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By:
*/s/ D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs*

6