# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---:|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

March 15, 2020

**VIA ECF**

Honorable Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza, Courtroom 13A
Brooklyn, NY 11201

      Re: *Guzman et al v. Newtown Bar LLC et al.*, 19 CV 4332

Dear Judge Scanlon,

  We represent Plaintiffs in the above-captioned matter.  In advance of the conference scheduled for March 17, 2020, we submit this letter to respectfully request that the Court approve the Settlement Agreement and Release ("Agreement") in this matter as a fair and reasonable resolution of a bona fide dispute in accordance with, *inter alia*, the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  The Agreement is submitted herewith as Exhibit 1, and the Parties' Stipulation of Dismissal is attached as Exhibit A to the Agreement.  Accordingly, we respectfully request that Your Honor approve the proposed Agreement and "So-Order" the Stipulation of Dismissal attached thereto.

  Plaintiffs worked as kitchen staff at Defendants' restaurant Las Catrinas at various times between April 2018 and June 2019.  In their Complaint, Plaintiffs allege that Defendants: (1) failed to pay Plaintiffs the proper minimum wages and overtime premiums, in violation of the FLSA and NYLL; (2) failed to pay Plaintiffs any "spread of hours" pay on days which Plaintiffs' workday spanned more than ten hours. *See* New York Codes Rules and Regulations ("NYCRR"), tit. 12 § 142-2.4; and (3) failed to provide Plaintiffs with the appropriate wage notices required under N.Y. Lab. Law § 195(1) and (3).  Defendants deny all the allegations

  As set forth in the Agreement, Plaintiffs have agreed to settle their claims for $40,000.  The Parties reached the settlement just prior to attending a Court Ordered mediation as part of the mediation referral program pilot program for cases brought under the FLSA.  As part of the referral order, the Parties were required to produce all payroll records in their possession.  In advance of the mediation, Defendants produced significant financial records, which established Defendants' dire financial situation. For example, Defendants produced bank statements which recorded multiple instances that the restaurant's bank accounts had been overdrawn.

Based on the available payroll records as well as Plaintiffs' reasonable recollection of the hours they worked, Plaintiffs were able to fine-tune their damages calculations prior to mediation. In short, Plaintiffs estimate their best-case compensatory damages for the wage and hour—including spread of hours—violations at approximately $28,000. If successful at trial, Plaintiffs could also recover significant penalties for the wage notice and wage statement violations as well as liquidated damages.

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; an (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citations an quotations omitted).

Here, the Agreement is reasonable and should be approved because it is a fair compromise of disputed claims in light of the risks in this case. As set forth in the copy of an Excel spreadsheet attached hereto as Exhibit 2, Plaintiffs' "best case" actual compensatory damages for FLSA and NYLL claims based on the allegations in the Complaint are approximately $28,000. In addition, as set forth in the attached spreadsheet, Defendants could be liable to pay Plaintiffs significant penalties, bringing plaintiffs maximum recovery to approximately $87,000. These figures are based on allegations that Defendants contest and which carried risks. Specifically, Defendants contend that they paid Plaintiffs for all hours worked, including overtime and spread of hours pay. Thus, Plaintiffs faced legal and factual risks on their primary claims. Nonetheless, the settlement amounts to almost 100% of the unpaid wages they allege they are owed under the FLSA and NYLL.

Plaintiffs' claims were also properly settled at a discount, as—given the Defendants' financial situation—there was also substantial risk that they would be unable to pay any more than the amount that the Parties settled. In fact, for that reason, Plaintiffs agreed to accept the Settlement Sum in 22 monthly installments. *See* Agreement at ¶ 1.b.

The settlement was the result of arm's-length negotiations following document productions by both Parties, as well as multiple conversations between counsel related to the documents the Parties produced. Thus, Plaintiffs were able to fairly evaluate the strengths and weaknesses of their claims and the ultimate settlement. The litigation was aggressively and expeditiously litigated and finally resolved on the eve of a mediation with an eye towards saving the Parties' time and resources by resolving this matter before attending a full day mediation.

Finally, the Agreement provides for reasonable attorneys' fees and costs to Plaintiffs' counsel. Under the Agreement, Plaintiffs' counsel will receive $400 as a recovery of the cost of filing the Complaint in this matter and one-third of the after-costs settlement – or $12,200 – as attorneys' fees. The proposed fee award of one-third of the settlement amount should be approved because it was consensual and agreed to by the Plaintiffs. A request for a one-third fee is also consistent with Plaintiffs' retainer agreement. *See Mireku v. Red Vision Sys.*, Inc., No. 11

Civ. 9671, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (noting the consensual nature of the fee arrangement); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."). (A copy of the retainer agreement is attached hereto as Exhibit 3.)

Moreover, "one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases." *Ashby v. Go N.Y. Tours Inc.*, 2017 U.S. Dist. LEXIS 137151, at *6 (S.D.N.Y. Aug. 22, 2017) (quoting *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 U.S. Dist. LEXIS 71877, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)). *See also, e.g. Villanueva*, No. 16-cv-8782 (AJN), 2018 U.S. Dist. LEXIS 116379, at *8 (S.D.N.Y. July 12, 2018) ("Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases.") *Chung v. Brooke's Homecare LLC*, No. 17-CV-2534 (AJN), 2018 U.S. Dist. LEXIS 80098, at *4 (S.D.N.Y. May 10, 2018) ("Courts routinely award 33.33% of a settlement fund as a reasonable fee in FLSA cases.") (*Cruz v. Jos Concept LLC*, No. 16-CV8377 (VSB), 2017 U.S. Dist. LEXIS 139079, at *6-7 (S.D.N.Y. Aug. 26, 2017) ("Nevertheless, an award of $6,600 does not constitute a windfall for Plaintiff's counsel, and appears to be reasonable compensation for the work put into this case. In addition, the requested attorney's fees represent a 2.0 multiplier of the lodestar amount, which is a relatively low multiplier as 'lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District.'")(citing *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 U.S. Dist. LEXIS 57918, 2007 WL 2230177, at *17 n.7 (S.D.N.Y. July 27, 2017)(collecting cases).

To the extent that the Court deems a "lodestar" crosscheck appropriate, Plaintiffs' counsel's lodestar is $7,585.00, as set forth in the chart below.

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| D. Maimon Kirschenbaum[1] | 4.8 | $450 | $2,160 |
| Josef Nussbaum[2] | 15.5 | $350 | $5,425 |
| **Totals** | **20.3** | **-** | **$7,585** |

---

[1] D. Maimon Kirschenbaum graduated from Fordham University School of Law in 2005 and has worked at Joseph & Kirschenbaum LLP ("JK") since then. As a result of his accomplishments representing food service workers in New York City, he became a member/partner of the firm in May 2007. Mr. Kirschenbaum currently manages the firm, while also maintaining a docket comprised largely of individual and class/collective wage and hours lawsuits. His billable rate has been approved at $450 per hour. *See e.g., Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 U.S. Dist. LEXIS 85873, at *20 (S.D.N.Y. July 1, 2015).

[2] I graduated from McGill University's Faculty of Law in 2009. I have been a litigation associate at JK since June 2011 and was named partner in January 2020. The majority of my docket involves individual and class/collective wage and hour actions. In 2016—almost four years ago—my billable rate was approved by a Court in this District at $325. *See, e.g., Quito v. Kuo Yang, et al*, 14 Civ. 3926, Dkt. No. 54.

      For the foregoing reasons, Plaintiffs respectfully request that the Court approve the Parties' Agreement and "so order" the stipulation of dismissal.

      We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Josef Nussbaum*
Josef Nussbaum

cc:    All counsel of record (via ECF)